IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-336-D

| | | |
|---|---|---|
| MARIE A. BECTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 7, 2017, Marie Becton ("Becton" or "plaintiff") filed a complaint against Nancy Berryhill ("Berryhill" or "defendant") in her capacity as Acting Commissioner of Social Security [D.E. 1]. Becton seeks the reversal of a survivor's benefit determination and $950,000.00 in damages. See id. On October 10, 2017, defendant moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) [D.E. 12]. On March 13, 2018, Becton filed a "motion for relief" reiterating the relief sought in her complaint [D.E. 18]. As explained below, the court grants defendant's motion to dismiss and denies Becton's motion for relief.

In March 2015, Becton brought a similar action in the United States District Court for the District of Maryland. The court dismissed that action for a lack of subject matter jurisdiction. See Becton v. Comm'r, Soc. Sec. Admin., SAG–15–613, 2016 WL 674647 (D. Md. Feb. 17, 2016), aff'd, 667 F. App'x 399 (4th Cir. 2016) (per curiam) (unpublished) ("Becton I"). Defendant contends that this court lacks subject matter jurisdiction for the same reasons that the District of Maryland lacked jurisdiction in Becton I—because Becton did not exhaust her administrative remedies before commencing this action. See [D.E. 12] 2.

A plaintiff has the burden of proving subject matter jurisdiction. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Becton alleges federal question jurisdiction under 28 U.S.C. § 1331. See Compl. [D.E. 1] 2. Section 1331, however, does not grant federal jurisdiction to hear causes of action to recover benefits against the "United States, the Commissioner of Social Security, or any officer or employee thereof." See 42 U.S.C. § 405(h); Weinberger v. Salfi, 422 U.S. 749, 758–59 (1975); Derricott v. Koch, DKC 14–3234, 2015 WL 4459962, at *5 (D. Md. July 20, 2015) (unpublished), report and recommendation adopted by 2015 WL 4647800 (D. Md. Aug. 4, 2015) (unpublished); Kelley v. Soc. Sec. Admin., 4:11–CV–76–FL, 2011 WL 6934565, at *2 (E.D.N.C. Nov. 29, 2011) (unpublished), report and recommendation adopted by 2011 WL 6934562 (E.D.N.C. Dec. 30, 2011) (unpublished).

Congress established federal jurisdiction to review final decisions of the Commissioner in 42 U.S.C. § 405(g). "Any individual, after any final decision of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action." Id. (emphasis added). Before contesting a decision of the Commissioner in this court, a claimant must exhaust the agency's internal review process. See Mathews v. Eldridge, 424 U.S. 319, 327–28 (1976); Farrow v. Astrue, 4:12–CV–11–FL, 2012 WL 4925939, at *2 (E.D.N.C. Sept. 27, 2012) (unpublished), report and recommendation adopted by 2012 WL 4926417 (E.D.N.C. Oct. 16, 2012) (unpublished). "The only avenue for judicial review [of agency decisions] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." Mathews, 424 U.S. at 327 (emphasis added). This "administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ"), and (4) Appeals Council Review." Knox v. Comm'r of Soc. Sec. Admin., 5:08–CV–572–FL, 2009 WL 4545168, at *5 (E.D.N.C. Dec. 4, 2009) (unpublished); see 20 C.F.R. § 416.1400(a)(1)–(4). A

plaintiff who has not completed all four steps has not exhausted her administrative remedies, and therefore lacks the "final decision" that 42 U.S.C. § 405(g) requires to bring a civil action in district court. See Derricott, 2015 WL 4459962, at *5.

On September 24, 2004, Becton filed a claim for widow's insurance benefits. See [D.E. 12-2] 10. In late 2011 or early 2012, Becton's widow's insurance benefits were terminated due to an offset calculated against her own federal pension. See id. Becton disagreed with the Commissioner's interpretation of her entitlement to these benefits and requested reconsideration. See id. at 4–5, 10. On March 16, 2012, Becton received notice of the Commissioner's decision concerning reconsideration of her claim. See id. at 10–13. On reconsideration, the Commissioner affirmed the original determination, and informed Becton of her right to request a hearing before an ALJ if she disagreed. See id. at 3, 8, 13. Becton did not request that hearing but instead filed Becton I in the United States District Court for the District of Maryland. See id. at 3.

The March 2012 reconsideration notice is not a "final decision" of the Commissioner. See Knox, 2009 WL 4545168, at *5. Thus, Becton has failed to exhaust her administrative remedies, and this court lacks jurisdiction to adjudicate her claims. See Becton I, 2016 WL 674647, at *2–3.

Becton also has not shown why this court should excuse her failure to exhaust administrative remedies. See Bowen v. City of New York, 476 U.S. 467, 483–85 (1986). A plaintiffs who has not exhausted the administrative remedies available may nonetheless bring a case in federal court if "(1) the claim is collateral to the claim for benefits; (2) the claimant would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement." Knox, 2009 WL 4545168, at *1; see Bowen, 476 U.S. at 483–85; Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Becton alleges a claim for benefits, and her claim is not collateral. Thus, her failure to exhaust is not excusable.

3

In sum, defendant's motion to dismiss [D.E. 12] is GRANTED, and Becton's motion for relief [D.E. 18] is DENIED.

SO ORDERED. This 26 day of June 2018.

*J. Dever*
JAMES C. DEVER III
Chief United States District Judge